UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:09-CR-32 |
| V. | ) | |
| | ) | (VARLAN/SHIRLEY) |
| BRYAN G. QUINTON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on June 9, 2009, for a motion hearing on the Joint Motion to Continue Trial and to Continue Government's Response to Motions Deadline [Doc. 17], filed on June 3, 2009. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. Attorney Jonathan A. Moffatt appeared on behalf of the defendant, who was also present.

In his motion, the parties ask the Court to continue the June 9, 2009 trial date. The motion states that defense counsel is still investigating the case and that the defendant has filed a suppression motion. It also relates that the parties have reached an oral agreement resolving the case, which agreement needs to be reduced to writing. The parties also request that the government's June 4 response deadline be extended thirty days to give the parties time to explore the resolution of the case. At the hearing, defense counsel stated his belief that the parties had reached an agreement in this case. He related that the parties had yet to reduce the agreement to writing and to gain the approval of the supervising prosecutor, who was presently involved in a trial.

The government requested that it have until July 10, 2009 to respond to the suppression motion in the event that the parties were not able to finalize the plea agreement. The Court questioned the defendant who agreed that he understood he had the right to a speedy trial. The defendant did not object to the requested continuance and understood that he would remain in custody pending the new trial date or any change of plea in this case.

The Court finds the parties' motion for a continuance to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The defendant seeks additional time to pursue entry into a plea agreement or, alternatively, a ruling on his suppression motion. The parties expect to have the plea decision resolved in a couple of weeks. If the defendant ultimately decides to proceed to trial, the Court will need to hold an evidentiary hearing on his pending suppression motion [Doc. 14]. 18 U.S.C. § 3161(h)(1)(D). Once the Court has conducted an evidentiary hearing, it will need time, not to exceed thirty days, to prepare a report and recommendation on the suppression motion and the District Court will need time to rule on the motion in light of the report. 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial in light of the ruling on the suppression motion. All of this could not take place before the June 9, 2009 trial date or in less than two months. The Court finds that the failure to grant a continuance would deprive the parties of the reasonable time necessary to prepare effectively for a trial despite their due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that if the parties proceed to a plea agreement, this preparation will not be necessary, and if they are not able to resolve the case with a plea, trial preparation cannot be accomplished prior to the new trial date of **August 3, 2009**.

Accordingly, the Joint Motion to Continue Trial and to Continue Government Response to

Motions Deadline [Doc. 17] is **GRANTED** and the trial is reset to **August 3, 2009**. The Court finds, and the parties agree, that all the time between the **June 9, 2009** hearing date and the new trial date of **August 3, 2009**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D), -(H), and -(7)(A)-(B). Regarding additional scheduling, the government's response to the suppression motion is due on or before **July 10, 2009**. The parties shall appear before the undersigned for a pretrial and scheduling conference on **July 13, 2009, at 9:30 a.m.** At that time, the Court will set an evidentiary hearing, if one is still needed.

Accordingly, it is **ORDERED**:

(1) The parties' Joint Motion to Continue Trial and to Continue Government Response to Motions Deadline [**Doc. 17**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 3, 2009**, at 9:00 a.m., before the Honorable Thomas A. Varlan, United States District Court Judge;

(3) All time between the **June 9, 2009** hearing and the new trial date of **August 3, 2009**, is fully excludable time for speedy trial purposes as set forth above;

(4) The government's response to the suppression motion is due on **July 10, 2009**; and

(4) The parties are to appear for a pretrial and scheduling conference on **July 13, 2009, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:09-cr-00032-TAV-CCS   Document 19   Filed 06/10/09   Page 3 of 3   PageID #: 44